**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-1668**

_____

NGEBWUNG ATEM MBECHA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.  (A96-271-342)

_____

Submitted:  November 14, 2005        Decided:  December 6, 2005

_____

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Edwin K. Fogam, Silver Spring, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, C. Alexander Hewes, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ngebwung Atem Mbecha, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("Board") order affirming the immigration judge's decision to deny his applications for asylum and withholding from removal. The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000).

An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2005). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). This presumption can be rebutted on a finding of a fundamental change of circumstances so that the alien no longer has a well-founded fear, or a finding that the alien could avoid persecution by relocating within the country of removal. 8 C.F.R. § 1208.13(b)(1)(i)(A), (B) (2005).

Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih, 371 F.3d at 187. The well-founded fear of persecution

standard contains both a subjective and an objective component. "An applicant may satisfy the subjective element by presenting 'candid, credible, and sincere testimony demonstrating a genuine fear of persecution.'" Chen v. INS, 195 F.3d 198, 201-02 (4th Cir. 1999) (quoting Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992) (internal quotation marks omitted)). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Huaman-Cornelio v. Bd. of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings, relevant to the subjective component, are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

To establish eligibility for withholding of removal, an alien must show a clear probability that, if he was removed to his native country, his "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2000); see Camara, 378

- 3 -

F.3d at 370 (4th Cir. 2004). A "clear probability" means it is more likely than not the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984). "The burden of proof is on the applicant for withholding of removal . . . to establish that his or her life or freedom would be threatened in the proposed country of removal" on account of a protected ground. 8 C.F.R. § 1208.16(b) (2005). A showing of past threat to life or freedom on such a ground creates a rebuttable presumption that the threat would recur upon removal. 8 C.F.R. § 1208.16(b)(1)(i); Camara, 378 F.3d at 370. Withholding of removal is mandatory if the alien meets the standard of proof. Stevic, 467 U.S. at 429-30.

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). We will reverse the Board "only if 'the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Huaman-Cornelio, 979 F.2d at 999 (internal quotation marks omitted)). We find the evidence was not so compelling as to warrant reversal.

With respect to the Board's affirmation of the immigration judge's finding regarding the lack of corroborating information where some should have been available, we find the evidence does not compel a different result. 8 U.S.C. § 1252(b)(4) (2000), as amended by § 101(e) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 305.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED